[No. 16833.   Department Two.   March 15, 1922.]

PIONEER LUMBER COMPANY, *Appellant,* v. PHIL GEVURTZ,
*Doing Business as Gevurts Lumber Company,*
*Defendant,* THE BANK OF CALIFORNIA,
*Respondent.*[1]

GARNISHMENT (58)—PROPERTY PLEDGED. Proceeds of a draft, se-
cured by a pledge of the documents to one who loaned money to
the drawer, cannot be garnished as the property of the drawer.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered March 29, 1921, in
favor of the defendant, in garnishment proceedings,
tried to the court. Affirmed.

*Alexander, Bundy & Swale,* for appellant.
*Kerr, McCord & Ivey,* for respondent.

MACKINTOSH, J.—The controversy before us arises
over a writ of garnishment issued against the respond-
ent, which had in its possession $976.18, the proceeds
of drafts drawn by the defendant upon the appellant.
The appellant paid these drafts and then had the pro-

[1]Reported in 204 Pac. 774.

ceeds garnished to satisfy a judgment which it had obtained against the defendant. The only issue is whether this money belonged to the defendant or to his wife. The trial court held that it belonged to the latter, and discharged the respondent.

The defendant was a lumber broker in Vancouver, B. C., and the appellant, which is engaged in the lumber business in Seattle, purchased from the defendant cars of lumber which the defendant had bought from mills in British Columbia. The defendant drew drafts on the appellant for the purchase price of these shipments, the drafts being made payable to a bank in Vancouver, the invoices and bills of lading being attached to the draft. These were then forwarded by the Vancouver bank to the respondent bank in Seattle, which presented the same to the appellant, who paid them.

The only testimony in the case as to the ownership of the proceeds of these drafts comes from Mrs. Gevurtz, whose testimony was taken by deposition, and is to the effect that she purchased the drafts from her husband, having paid for them by advancing the money necessary to be paid to the mills from which the lumber was purchased, with the addition of certain funds which she had given him to be used in another branch of his business.

It is the claim of the appellant that this transaction between Mrs. Gevurtz and her husband did not amount to a sale by him and a purchase by her of the documents, but was only a loan by her to him. This is a disputed fact, of course, and our examination of the testimony leads us to the same conclusion as that reached by the trial court, to wit, that Mrs. Gevurtz became the owner of the documents and was entitled to their proceeds.

Being satisfied that this is the result to be arrived at, it is unnecessary to enter upon a discussion of another phase of the case which would lead to the same end. Under *Vickers v. Machinery Warehouse etc. Co.,* 111 Wash. 576, 191 Pac. 869, and *National Bank of the Republic v. Hines,* 112 Wash. 352, 192 Pac. 899, even if we should have found as a fact that the transaction amounted to a loan, yet it was secured by a pledge of the documents, which fact would affirm the judgment. The judgment of the lower court is sustained.

PARKER, C. J., HOLCOMB, HOVEY, and MAIN, JJ., concur.